**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Delcarmen Sanchez,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Flores, et al.,<br><br>Defendants. | No. CV-25-00513-TUC-AMM (MSA)<br><br>**ORDER** |

Defendants Burlington Coat Factory, Andrew Flores, Rosa Esquirez, and Lauren Thomas move to dismiss Plaintiff Anna Delcarmen Sanchez's first amended complaint with prejudice.[1] The Court will grant the motion in part and dismiss the first amended complaint with leave to amend.[2]

**I.  First Amended Complaint**

Plaintiff's first amended complaint includes the following narrative:

> Andrew yelled at me when he asked me if I wanted to work. I told him I was on disability and I wanted a physical job. Lauren asked me what I wanted. she went to talk to Rosa. Lauren said come to office and wait. I heard Lauren tell Rosa I looked like a homeless prostitute. They both walk in to look at me. Rosa says you can't clock in because corporate needs your back ground check. I said I am leaving out of state for medical appointment. I

---

[1] Defendants clarify in their motion that Rosa Esquirez's true last name is "Gomez." (Defs.' Mot. 1.) The Court uses "Esquirez" to avoid confusion.

[2] This ruling is nondispositive and thus is issued as an Order rather than as a report and recommendation. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (stating that "dismissal of a complaint with leave to amend is a non-dispositive matter"); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (stating that "the dispositive nature of a magistrate judge's decision on a motion . . . can turn on the outcome").

> explained there are many people with my name. Rosa said Wednesday they will get info from department of safety. Two weeks later I went into store to ask about my hiring. Two times I was told corporate was never going to hire me. But they did hire me and my background was clean. I asked Andrew if he called CVS he said no in a low voice. I was discriminated by all three managers.
>
> Oracle manager told me they call past employers. Andrew screamed at me the same way all potential employers told me Eric Sietz was screaming at them. Eric screamed and lied about my job performance at CVS. I have the highest sales and work performance at all my past jobs. I learn the procedures at each job and I do the best of my ability. I outperform at every job. Andrew, Rosa, and Lauren humiliated me and denied my the position I am qualified to do. I heard Rosa say she would tell manager I had the same name as others. Andrew judged me before I went on my interview.

(Doc. 8 at 5.)

The first amended complaint is accompanied by Plaintiff's charge of discrimination, in which Plaintiff alleges:

> On or about August 20, 2024 Respondent [Burlington Coat Factory] offered me a position as a Receiving Associate at their Tucson store #00754. From the onset of my interview, Respondent was aware that I am a person with a disability. Despite being aware, Respondent's Store Manager Andrew Flores yelled at me and making judgements.
>
> On or about August 23, 2024, I reported to Respondent's store to start my first day of employment and an employee was hostile towards me. Respondent's Associate Manager Rosa Esquirez approached me and asked me why I was there. I informed them I was hired and it was my first day. Esquirez proceeded to say they had not received my completed background check, despite me not having any criminal record. Respondent never called me to notify me of the background check and Respondent never called me to start working.
>
> I believe and therefore allege that but for my disability, Respondent would not have denied me an available position for which I applied for and which I was otherwise qualified.

(Doc. 8-1 at 3.)

The first amended complaint is also accompanied by a filing from a different case brought by Plaintiff against CVS and its employees. (*Id.* at 4.) In this document, Plaintiff alleges:

> El Con Store Manager Andrew Flores told me he did not call CVS. He lowered his voice. I told him my criminal background check is OK. I got it in the mail. He said the position was filled. Assistant Manager Rosa Esquirez and Native American worker said they would give me an answer on Wednesday. No one ever called.
>
> Andrew Flores told me during my impromptu interview he wanted to be a psychiatrist. He is not following OSHA hiring practices and he is teaching his employees to screen hired employees after they have been hired. I believe Store Manager Andrew Flores called CVS and spoke with Manager Erik Seitz. Burlington Coat Factory is the 10th job interview and have been rejected.

(*Id.*)

## II. Legal Standard

A defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## III. Discussion

### A. Plaintiff fails to state a claim.

Plaintiff alleges claims of slander (defamation), constructive discharge under A.R.S. § 23-1502, and Title VII discrimination. (Doc. 8 at 5.) Defendants argue, and the Court agrees, that Plaintiff fails to state each of these claims.[3]

**Slander (Defamation):** "A defendant is liable for defaming a private person if he knowingly or recklessly publishes a false and disparaging communication concerning that

---

[3] Defendants also argue that Plaintiff fails to state a claim of disability discrimination under state and federal law. Plaintiff does not clearly attempt to allege such a claim, so the Court does not address those arguments.

- 3 -

person to a third party." *BLK III, LLC v. Skelton*, 506 P.3d 812, 817 (Ariz. Ct. App. 2022) (citing *Peagler v. Phx. Newspapers, Inc.*, 560 P.2d 1216, 1222 (Ariz. 1977)). In deciding whether a statement is actionable, the court must "'consider the impression created by the words used as well as the general tenor of the expression, from the point of view of the reasonable person' at the time the statement was uttered and under the circumstances it was made." *Harris v. Warner ex rel. County of Maricopa*, 527 P.3d 314, 318 (Ariz. 2023) (quoting *Sign Here Petitions LLC v. Chavez*, 402 P.3d 457, 466 (Ariz. Ct. App. 2017)). "As a matter of law, a statement is not actionable if it is comprised of 'loose, figurative, or hyperbolic language' that cannot reasonably be interpreted as stating or implying facts 'susceptible of being proved true or false.'" *Takieh v. O'Meara*, 497 P.3d 1000, 1006 (Ariz. Ct. App. 2021) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990)).

The Court infers that Plaintiff's defamation claim is based on Thomas's alleged statement to Esquirez that Plaintiff "looked like a homeless prostitute." (Doc. 8 at 5.) Defendants argue that the alleged statement, on its face, "appears to be a pure opinion, not a false statement of fact." (Defs.' Mot. 10.) The Court agrees that, as alleged, the statement was nonactionable hyperbole. The words "looked like" in particular "tend to negate the implication that [the statement] convey[ed] objective facts." *Harris*, 527 P.3d at 319 (citing *Milkovich*, 497 U.S. at 21). Defendants further argue that Plaintiff fails to allege any harm to her reputation. (Defs.' Mot. 10.) The Court agrees: there are no facts suggesting that Plaintiff's reputation was harmed by Thomas's alleged statement. *See Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989) ("A defamation action compensates *damage to reputation* or good name caused by the publication of false information." (citing *Time, Inc. v. Hill*, 385 U.S. 374, 384 n.9 (1967))).

**Constructive Discharge:** To state a claim of constructive discharge under A.R.S. § 23-1502, the plaintiff must allege "(1) objectively difficult or unpleasant working conditions or (2) the employer's outrageous conduct, either of which would cause a reasonable employee to feel compelled to resign." *Worldwide Jet Charter, Inc. v. Christian*, 527 P.3d 352, 357 (Ariz. Ct. App. 2023). Defendants argue that Plaintiff fails to state a

claim because she admits that she was not hired for a position. (Defs.' Mot. 11.) The Court agrees that the scenario alleged by Plaintiff does not fit a claim of constructive discharge. The complaint centers around the allegation that Plaintiff was denied a position for which she was qualified. Thus, she has not alleged that employer conduct or working conditions made her feel compelled to resign.

**Title VII:** Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Defendants argue that Plaintiff fails to allege that she was discriminated against based on one of these protected classes. (Defs.' Mot. 6.) The Court agrees: Plaintiff alleges that she told Flores she was disabled, but disability is not a protected class under Title VII, and Plaintiff does not otherwise mention a protected class. Defendants argue further that, to the extent that Plaintiff alleges this claim against Flores, Esquirez, and Thomas, the claim must be dismissed because individual employees cannot be held liable under Title VII. (*Id.* at 7.) Again, the Court agrees. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers.").

### B.    Plaintiff will be granted leave to amend.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)). Here, as Defendants observe, the first amended complaint "is difficult, at best, to follow." (Defs.' Mot. 5–6.) The pleading is short on facts, and the facts it does contain are vague and conclusory. As Plaintiff has yet to provide a coherent recitation of the facts underlying this lawsuit, it is not "absolutely clear" to the Court that Plaintiff cannot amend her complaint to state a facially plausible claim. Therefore, Plaintiff will be given an opportunity to replead her claims.

Plaintiff's second amended complaint must contain "a short and plain statement of

the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires alleging cognizable legal theories and facts supporting each theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (stating that a complaint that lacks either a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory" is subject to dismissal under Rule 12(b)(6)). Plaintiff's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

As a final matter, Plaintiff is advised that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)). Plaintiff must familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure, which are accessible through the Court's website at <www.azd.uscourts.gov/rules-general-orders-forms>. Plaintiff is further advised that available resources include *A Handbook for Self-Represented Litigants*, which is accessible through the Court's website at <www.azd.uscourts.gov/proceeding-without-attorney-0>.

\* \* \*

**IT IS ORDERED** that the motion to dismiss (Doc. 23) is **granted in part**. The first amended complaint (Doc. 8) is **dismissed with leave to amend**. Plaintiff must file her second amended complaint no later than **February 20, 2026**.

Dated this 22nd day of January, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge